**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22538-BLOOM**

JULIO CESAR GONZALEZ OCHOA,

      Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR, in her
official capacity, and U.S. ATTORNEY GENERAL,
in her official capacity,

      Respondents.

_____/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Julio Cesar Gonzalez Ochoa's

("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging

that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody.

ECF No. [1]. The Court ordered a response from Respondents, the Miami ICE Field Officer

Director, and the U.S. Attorney General (together, "Respondents"). *See* ECF No. [4]. Respondents

timely filed a Response, ECF No. [6], to which Petitioner filed a Reply, ECF No. [7]. The Court

has considered the Petition, the Response, the Reply, the record in this case, the applicable law,

and is fully advised. For the reasons set forth below, the Petition is granted in part and denied in

part.

I.      **FACTUAL BACKGROUND**

Petitioner is a native and citizen of Cuba. ECF Nos. [1] ¶ 8, [6] at 1.  Petitioner entered the

United States without inspection on July 11, 2021. ECF Nos. [1] ¶ 20, [6] at 1. Petitioner was

served with a Notice to Appear ("NTA") charging him as inadmissible in violation of the

Immigration Nationality Act ("INA") § 212(a)(6)(A)(i), as someone present in the United States without being admitted or paroled and under § 212(a)(7)(A)(i)(I) as someone who is not in possession of valid immigration documentation. ECF No. [6-3] ¶ 7. Petitioner was placed in removal proceedings pursuant to 8 U.S.C. § 1229a and was released on an Order of Release on Recognizance ("ORR"). ECF Nos. [1] ¶¶ 20, 22; [6-3]. Petitioner regularly attended his ICE check-ins pursuant to his ORR. *Id.* ¶ 22.

On February 13, 2026, Petitioner was detained at a traffic stop by Florida Fish and Wildlife Conservation Commission in North Miami, Florida, and was then transferred to ICE custody. ECF Nos. [1] ¶ 21; [6-2]. He is currently in removal proceedings and is held in custody without bond under 8 U.S.C. § 1225(b)(2)(A). ECF No. [6] at 1-2. Petitioner has no criminal history and has only had a few civil traffic infractions. ECF Nos. [6-2], [6-3]. Petitioner is in ICE custody at the Broward Transitional Center. ECF Nos. [1] ¶ 27, [6-3]. On March 20, 2026, an Immigration Judge denied Petitioner bond, determining he is subject to mandatory detention under § 1225(b)(2)(A). ECF No. [1-4]; [6-3] ¶ 13.

Petitioner filed the instant Petition on April 13, 2026, asserting his detention is unlawful because he is being detained without bond in violation of the INA and in violation of his substantive and procedural due process rights. ECF No. [1] at 14-16. Petitioner requests immediate release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 17. Petitioner also requests this Court declare that Respondents' acts or omissions violate his due process rights and/or the INA. *Id.* Respondents state Petitioner is properly detained pending removal proceedings under § 1225(b)(2)(A). ECF No. [6] at 3.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas

corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

#### A. Jurisdiction

Respondents argue the Court lacks jurisdiction to decide the Petition. ECF No. [6] at 11-15. Respondents assert 8 U.S.C. § 1252(g) divests the Court of jurisdiction to review decisions "arising from" the decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* at 11 (citing 8 U.S.C. § 1252(g)). Respondents claim Petitioner is essentially challenging the decision to commence removal proceedings and detain Petitioner pending such proceedings, which is expressly prohibited by § 1252(g). *Id.* Respondents further argue this Court lacks jurisdiction because § 1252(a)(5) and § 1252(b)(9), in combination, establish that a petition for review before the appropriate court of appeals is the only proper means to challenge removal-related actions. *Id.* at 12-15. Petitioner argues that § 1252(g) does not bar jurisdiction because Petitioner seeks review of the substantive legality of his detention, not the commencement of removal proceedings. ECF No. [7] at 3-5. Petitioner further argues § 1252(b)(9) does not apply because Petitioner has never been issued a final order of removal. *Id.*

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain

3

immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Section 1252(a)(5) provides that a petition for review filed with a court of appeals is the "sole and exclusive means for judicial review of an order of removal entered or issued." 8 U.S.C. § 1252(a)(5). Additionally, § 1252(b)(9), prohibits judicial review of an order or questions of law or fact unless provided elsewhere in § 1252. 8 U.S.C. § 1252(b)(9). Known as the "zipper clause," § 1252(b)(9) intends to "consolidate judicial review of immigration proceedings into one action in the court of appeals." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 230 (2020) (internal quotation and citation omitted). The Eleventh Circuit is clear that § 1252(a)(5) and § 1252(b)(9) do not apply unless the petitioner is seeking review of an order of removal. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366-67 (11th Cir. 2006) (finding that § 1252(a)(5) did not grant the court of appeals exclusive jurisdiction to hear petitioner's habeas petition when petitioner was contesting the *existence* of a removal order and noting that "8 U.S.C. § 1252(b) is equally clear that subsection (b)(9) applies only '[w]ith respect to review of an order of removal.'").

Here, neither party claims there is an order of removal. Thus, § 1252(a)(5) and § 1252(b)(9) do not apply. Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant

to § 1225(b) and Petitioner invokes § 1226, Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

### B. Exhaustion of Administrative Remedies

Respondents also argue that the Petition should be dismissed because Petitioner has failed to exhaust available administrative remedies and has not shown administrative review would be futile. ECF No. [6] at 10-11. Petitioner argues that this Court should consider the Petition without requiring Petitioner to exhaust administrative remedies because such exhaustion is not required for habeas proceedings and any exhaustion requirement would be futile. ECF Nos. [1] ¶¶ 15-19. The Court concludes exhaustion would be futile.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") concluded that "aliens who are present in the United States without admission are applicants for admission under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. 216, 220 (BIA 2025). Courts have concluded that because of *Yajure Hurtado*, any appeal to the BIA is essentially futile. *See, e.g.*,

5

*Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."). The Court therefore excuses exhaustion.

### C. Detention Pending Removal Proceedings

Petitioner argues his detention is unlawful because he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and his continued detention without an individualized bond determination violates his procedural and substantive due process rights. ECF No. [1] at 8-14. In Response, Respondents assert that Petitioner is properly detained without bond under § 1225(b)(2)(A). ECF No. [6] at 3-10. Respondents assert that Petitioner is an "applicant for admission" and is properly detained without bond under § 1225(b)(2)(A). *Id.* Petitioner replies that Respondents misread the text and structure of the INA, and that the correct reading leads to the conclusion that Petitioner is detained under § 1226(a), as numerous other courts have ruled. *See* ECF No. [7]. The Court agrees with Petitioner. Consistent with this Court's prior rulings[1] and the rulings of numerous other courts, the Court concludes that Petitioner is detained pursuant to § 1226(a).

As relevant here, two statutes govern the detention of foreign nationals: 8 U.S.C. §§ 1225 and 1226. Section 1225 governs the inspection, detention, and removal of so-called "applicants for admission." *See* 8 U.S.C. § 1225 *et seq*. Pursuant to the statute, applicants for admission are defined as foreign nationals "present in the United States who ha[ve] not been admitted" or those

---

[1] *See, e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge). The Court adopts and fully incorporates its reasoning in *Huerta-Lopez.*

"arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a)[2] provides that when a foreign national has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.

This Court and numerous other courts have rejected Respondents' argument that foreign nationals already in the country are "applicants for admission" and thus under the purview of §1225(b)'s mandatory detention.[3] Instead, the Supreme Court has treated foreign nationals who, like Petitioner, are already in the United States as being governed by § 1226(a). *See Jennings*, 583

---

[2] 8 U.S.C. § 1226(c) requires the Attorney General to take certain categories of foreign nationals into custody pending a removal determination. Neither party argues § 1226(c) applies.

[3] The vast majority of courts have sided against Respondents on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Fifth and Eighth Circuits agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Second Circuit recently issued a decision disagreeing with Respondents' interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). The Eleventh Circuit heard oral argument but has not yet ruled on the issue. *See* Oral Argument, *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. Mar. 26, 2026); Oral Argument, *Cerro Perez v. Assistant Field Office Dir., et al.*, No. 25-14075 (11th Cir. Mar. 26, 2026).

U.S. at 297, 303 (stating that § 1225(b) "applies primarily to aliens seeking entry into the United States" whereas § 1226 "applies to aliens already present in the United States"); *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (distinguishing foreign nationals "who have come to our shores seeking admission" from "those who are within the United States after an entry, irrespective of its legality.").

Here, Petitioner entered the United States in 2021 and was arrested in the interior of the country over four years later. ECF Nos. [1] ¶¶ 20-21, [6-2]. Petitioner is not an "applicant for admission," and his detention is governed by § 1226(a). Thus, he is not lawfully held under 8 U.S.C. § 1225(b). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not separately address his due process arguments.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

Case No. 26-cv-22538-BLOOM

3.  Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4.  Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5.  Petitioner may separately file a request for attorney's fees and costs under the Equal Access to Justice Act (EAJA).

6.  The Clerk of Court shall **CLOSE** this case.

7.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 5, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

9